McFakgand, J.,
delivered the opinion of the Court.
Philips & Howe sued W. M. Dixon in an action of debt, and afterwards sued out an ancillary attachment, which was levied upon a steam saw-mill and a house, as the property of the defendant. Thereupon, Dixon, with the plaintiff in error Upton as his surety, entered into a replevin bond, and. the property was released to Dixon.
Upon the trial Philips & Howe recovered a judg *221 ment against Dixon for $2,909.01 and costs, and the court rendered judgment for this amount against said Dixon, and Upton as surety upon the bond, and awarded execution. Thereupon Upton sued out a writ of error ooram nobis, and assigned what he assumed to be errors of fact, in the proceeding — the substance of which was, that the judgment is not authorized by the bond. A demurrer was sustained to this assignment of error, and the writ of error ooram nobis dismissed ; and from this judgment Upton has appealed in error, and at the same time he has by writ of error brought up the original cause, and the questions involved are therefore before us in both aspects. "Without discussing the matter -at length, we are of opinion that a writ of error ooram nobis is not the mode of correcting an error, of the character assumed to have been committed in these proceedings. The relief granted upon this proceeding is confined to errors of fact occurring in proceedings of which the person seeking relief had no notice, or where he had no opportunity to defend, or was prevented from making his defense by accident, surprise, mistake, or fraud, unmixed with fraud upon his own part. Code, section 3116; 1 Swan, 341.
The replevin bond constitutes part of the record, Code 3513, and whether or not" the bond authorized the judgment rendered in this cause, is a question arising clearly upon the record, and did not depend upon any fact outside of the record and not then known to the court — and in truth it is not alleged that any such fact existed; but the entire substance of the de *222 fense is, that the judgment was not the one authorized by law upon the bond. Therefore we hold that the writ of error coram nobis was properly dismissed.
The question then arises upon the record of the original cause. Code, sec. 3509, enacts that “ The defendant to an attachment suit may always replevy the property attached, by giving bond with good security, payable to the plaintiff, in double the amount of the plaintiff’s demand, or at the defendant’s option, in double the value of the property attached, conditioned to pay the debt, interest and costs, or the value of the property attached, with interest, as the case may be, in the event he shall be cast in the suit.”
Section 3510 provides, that the officer levying the attachment shall take the bond, fix the value of the property and judge of the sufficiency of the security. Section 3514 is as follows: “The court may enter up judgment or decree upon the bond, in the event of recovery by the plaintiff, against the defendant and his sureties for the penalty of the bond, to be satisfied by the delivery of the property or its value, or the payment of the recovery, as the case may be.”
We understand these provisions to mean that the defendant has the right to have his property restored to him upon giving a bond — that bond might be, at the defendant’s election, either in double the amount of the plaintiff’s demand and conditioned to pay the debt, interest and costs in the event of the plaintiff’s recovery; or it may be in double the value of the property attached, conditioned to pay the value of the property attached, in the case the plaintiff recover.. *223 This option is given to the defendant for his benefit; for it may happen that property of a very large ■amount may be attached for a very small demand. In such case the defendant, in order to obtain a surrender of his property, shall not be- required to give a bond in double the value of the entire property, and conditioned to pay the value; but he may have his property returned, upon giving bond in double the amount of the plaintiff’s demand, and conditioned to pay the same, if recovered. On the other hand, a very small amount of property may be attached for a very large debt, or various articles of property may be attached — in such case the defendant is not required to give bond for the whole debt, but may have his property returned upon giving bond for double its value.
In the event the plaintiff recover, the judgment to be rendered upon the bond depends upon the terms and conditions of the same, whether it be of the one case or the other as above explained. In either case the judgment must be for the penalty of the bond. If the bond be in double the amount of the plaintiff’s demand, conditioned to pay the same, interest and costs, then the judgment should be for the penalty of the bond, to be satisfied by the payment of the recovery. If the bond be for double the value of the property attached, conditioned to pay its value, then the judgment should be for the penalty of the bond, to be satisfied by delivery of the property or its value. •This is the plain and obvious meaning of the sections of the statute quoted.
*224 The question then, is, under this construction what may be the proper judgment to render upon the bond in this case ? The plaintiff’s demand, as set forth in his affidavit, was $2,563.35 and interest. The bond is payable to the- plaintiffs, Philips & Howe, and in the penalty of $5,200. The condition is as follows: “The condition of this obligation is such, that whereas the property of said Wm. M. Dixon has been attached at the suit of the said Philips <fe Howe, and the same is returned to him on the execution of this bond. Now if the said ¥m. M. Dixon shall appear at the next Circuit Court for Monroe county, on the 2d Monday of September next, at the return of said attachment, and abide by and perform and satisfy the order and judgment of said court or surrender himself into custody, then the above obligation to be void.”
It is very clear that this bond is not in accordance with the requirements of the statute in either respect.
By section 3512 of the Code, it is provided that replevy bonds are subject to the rules prescribed in sections 773 and 774 of the Code. Section 773 provides that official bonds, not in the penalty payable or conditioned as prescribed by law, or is otherwise defective, are not void, but stands in the place of the official bond, and subject to the same remedies. Section 774 provides, that where an officer or other person, who is required' by law or the course of judicial proceedings to give a bond for the performance of an act or the discharge of a duty, receives money "or property upon the faith of such bond, he or his sureties are *225 estopped to deny the validity of the bond or. the legality of the proceedings under which the money or property was obtained.”
Under these provisions it is clear, as we have held at the present term in the case of Stephens v. The Greene County Iron Company, that the bond is valid, and the defendant and his security are estopped to deny the validity or proceedings, and the plaintiffs in the cause are entitled to the same remedies as if the bond were in accordance -with the statute. But the question remains, is this to be taken as a bond for double the plaintiffs’ demand, conditioned to pay the debt, or a bond in double the value of the property attached, conditioned to pay the value of the property or return the same? As we have seen, the law directs the officer to take the bond, to fix the value of the property, and he should perhaps fix the value of .each article of property separately. In this case, the bond does not show whether the penalty is the double value of the propty attached, nor does it show that any value was fixed upon the property. It does show that the penalty is a few dollars more than double the amount of the plaintiff’s demand, as stated in his affidavit. It is argued that Dixon was ready to comply with the terms of his bond, that is, appear at the return term of the attachment, and abide by the judgment of the court, or surrender himself into custody. It is said that at the return term of the attachment the only .judgment rendered by the court in the ease, was to sustain a demurrer, and Dixon was ready to abide by this judgment or surrender himself into custody.
*226 This construction of the bond would render it nugatory and deprive the parties of the remedy which the law gives when the bond is properly executed. These provisions, when thus construed, must be rejected, especially the provision that he shall surrender himself into custody — this is unnecessary, and without meaning.
The defendant has seen proper to execute a bond in double the amount of the plaintiff’s demand; the condition that the law required to be annexed to this bond was, to pay the plaintiff’s demand, if he recover. The condition, of the bond is, that the defendant shall abide by and perform and satisfy the judgment of the court, which, in ordinary acceptation, is understood to mean, that he shall pay the judgment, if one is recovered. Was it error in the court not to affix to this judgment a condition, that it should be satisfied ;as to the surety by a return of the property or its value? If there was anything in the bond from which we could construe it to be conditioned to pay the value ■of the property or return the same, then this might be done; but there is no language that will bear this construction, and we are constrained to hold this to be a bond .in double the plaintiffs’ demand, conditioned to pay the same, if the plaintiffs recover.
It is said that this is a case of great hardship— that in reality the entire property attached has been ■sold under execution and applied to the judgment, leaving a large balance due, and that the plaintiffs ■have had the benefit of all the property they held under their attachment. This is a hardship that we •cannot relieve against. The liability of the parties *227 depends upon the bond and the law regulating the same.
If they executed a bond covering the plaintiff’s demand, and conditioned to pay the same, when in reality the property attached was only of half value sufficient to pay it — in the absence of fraud or other equitable defense, there can be no relief.
Affirm the judgment.