THEO. MUHLING *v.* ISADORE GANEMAN, and MINNIE GANEMAN *v.* MUHLING, *et al.*

1. CHANCERY PRACTICE. *Replevin bond.* Where property attached was replevied by giving the following bond : "If the said Minnie Ganeman shall abide by, and faithfully perform such order and decree as the Court may make in this cause, and return said property, or pay such monies as the Court may order, then this bond to be void," the proper decree in such case is for the penalty of the bond, which may be satisfied by paying the value of the property, with interest from the date of the bond on returning the property.

Code cited: ⸹⸹3514, 3535.

2. SAME. *Same. Principal and surety. Valuation fixed by Clerk not binding.* Where a valuation was fixed upon property attached under a suit against the husband by the decree of the Chancellor, pending a replevin suit for the same property in the Supreme Court by the wife, such valuation will not be binding upon the sureties on her replevin bond, and neither party will be bound by the valuation fixed by the Clerk in taking the bond.

FROM DAVIDSON.

Appeal from the Chancery Court. W. F. COOPER, Special Chancellor.

M. M. BRIEN for Ganeman.

D. CAMPBELL for Muhling.

MCFARLAND, J., delivered the opinion of the Court.

In 1864 Muhling filed an attachment bill against

Muhling *v.* Ganeman.

Isadore Ganeman, and caused certain personal property to be attached.

Soon after, upon the petition of Minnie Ganeman, the wife of said Isadore, she was allowed to file a cross-bill, setting up claim to the property attached, and also ordered, "that said Minnie Ganeman, upon giving bond and security as required by law, may take charge of all the property so attached."

Soon after the bond was given, the property released, and the cross-bill of Minnie Ganeman filed, upon a hearing before the Chancellor, her bill was dismissed, and a decree rendered in favor of the complainants in the original cause holding the property liable to the attachment, and an account was ordered to ascertain the amount of the debts due from Isadore Ganeman to the complainants and the value of the property attached, and also the amount of the replevin. Subsequently, at the same Term, Mrs. Ganeman prayed an appeal from the decree dismissing her bill, which was granted, but the original cause continued, upon exceptions to the report of the Clerk and Master, with leave to each party to take proof as to the exceptions.

Upon a hearing in this Court, the decree of the Chancellor dismissing Mrs. Ganeman's bill was affirmed, and the cause remanded for the execution of the decree. Pending the appeal of Mrs. Ganeman in this Court, by a decree upon the report of the Master in the original cause, it was adjudged that the amount of the debts due from Isadore Ganeman to complainant Muhling was $1,205, the date of the report February

21, 1867, and the value of the property attached $1,200. The replevin bond was dated the —— day of ——, 1864, and in the penalty of $1,000.

Upon the remanding the cross-bill of Mrs. Ganeman, the Chancellor rendered a decree against Isadore Ganeman for the amount of the indebtedness and interest, and also against Mrs. Ganeman and her sureties in the replevin bond, for the penalty, one thousand dollars, with interest from February 16, 1867, in all $1,205 16, for which execution was awarded. The securities of Mrs. Ganeman bring up the case by writ of error. The decree against Isadore Ganeman, he not having appealed, will be taken as correct.

The only question is whether the proper judgment has been rendered against the sureties upon the replevin bond. Where property attached is sought to be replevied, the party has his option to give bond in double the debt conditioned to pay the debt, if the complainant succeed, or a bond in double the value of the property attached, conditioned to pay the value of the property and interest. Code, §3509.

The condition of the bond bill is, "if the said Minnie Ganeman shall abide by, and faithfully perform such order and decree as the Court may make in this cause, and return said property or pay such monies as the Court may order, then this bond to be void," etc. It will be seen that this bond does not conform to the Statute in either aspect. But it appears that the bond was given in a penalty which was assumed to be double the value of the property attached, and

giving the bond the most favorable construction to the sureties, it must be taken to give them the option to pay the value of the property attached, with interest, if the complainants succeed in the cause. The proper decree in such case is for the penalty of the bond, which may be satisfied by paying the value of the property, with interest from the date of the bond on returning the property. See Code, §§3514, 3535.

We think it was error to render a decree for the penalty with interest. It is not a bond which by law draws interest, and the Statute directs the decree to be for the penalty. We think the authorities referred to on this question are not controlling, but the question is controlled by our Statute. The decree should also have allowed the defendants to satisfy this judgment by paying the value of the property, with interest from the date of the bond. This should be ascertained by reference. We think, further, that the decree of the Chancellor as to the value of the property, made while the cause was pending in this Court, as to Mrs. Ganeman was not binding upon her sureties.

This decree, so far as it effected the parties to the original cause, was binding upon them, but not upon the present parties, as their branch of the cause was then in this Court, and they were not bound to take notice of the taking of the account.

We think, however, that neither party is bound by the valuation of the property fixed by the Clerk in taking the bond. The Clerk had the power for

this purpose, but this was not conclusive for any other purpose. The question is analogous to an action of replevin at law. The decree will be modified, and a reference made to ascertain the value of the property attached, and interest, and the decree rendered accordingly; but in no event will the decree against the sureties exceed the penalty of the bond. The costs of this Court will be paid by Muhling.