S. M. CLARKE v. MONTAGUE & CASE.

TAXES. *Privileges. Land sales.* The levy of a tax upon privileges in general terms by the county court does not embrace a tax upon land sales.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

WHEELER & MARSHALL for Clarke.

CLIFT & CLIFT for Montague & Case.

McFARLAND, J., delivered the opinion of the court.

This was an action of replevin brought by Montague and Case to recover possession of a deed of conveyance of certain real estate near Chattanooga, the execution of which they had acknowledged before Clarke as County Court Clerk of Hamilton county, but which he refused to return to them except upon the payment of a county tax. The facts were agreed upon, and the questions submitted are, first, whether the county court has the power to levy the tax in question, and second, if such power exists, was it exercised in this instance? Has the county court of Hamilton levied the tax claimed? The judgment of the circuit court was in favor of the plaintiffs below.

It seems to have been generally supposed that the county court has the power to levy the tax, but it is not easy to maintain the right upon an examination of our laws upon the subject. The argument against it is, to say the least it, difficult to meet, but the question is one of importance, and as we are of opinion that its decision is not imperative in this case, we decline to express an opinion in regard to it. In our view the other question is conclusive of the case.

The records of the county court of Hamilton do not show any action of that body in terms levying a tax upon land sales, or any tax that can be under-

stood as specifically levying the tax claimed. The records show an annual levy of taxes upon property and polls, and then the following general terms are used: "Tax upon all privileges heretofore taxed same as State tax," or "taxes on all privileges to be equal to the State tax," or other similar expressions. Conceding for the argument that the county might have levied the tax claimed, the question is, has it done so? It cannot, we think, for a moment be maintained that it comes under the general levy upon property. The levying of taxes, whether by the Legislature or the county court, is a legislative act, and must give the subject of the taxes and the mode of assessment in such manner as to be understood and enforced, and the levying of tax upon property which must be according to its value, furnishes no criterion by which a tax of this character can be assessed or collected, and besides it is manifest that such was not the purpose. But no doubt the clerk acted upon the assumption that the assessment of a tax upon privileges equal to the State tax upon privileges made it his duty to collect the same tax for the county that the law made it his duty to collect for the State upon land sales—that the tax came under the general head of privileges. To this construction, however, there appears to be insuperable objections: First, the Code, in enumerating the sources of State revenue, specifies "polls," "property," "sales of land," "on the exercise of privilege," "on litigation," "on fines and forfeitures," thus showing that when the Legislature levies a tax of the character in question, it does not

levy it as a tax upon a privilege, but as a specific tax upon land sales, thus recognizing a clear distinction. In specifying the sources of county revenue, "privileges" are enumerated, but "land sales" are omitted. Code, sec. 482. And it is further provided that the privileges which the county court may tax are the same as the privileges taxed by the State, Code, sec. 483, showing that the county court is not at liberty to include anything under the head of "privileges" not so taxed by the State. And it seems logically to follow that as the State does not class land sales as privileges and tax them as such, the county court cannot do so, even if the purpose to do so was manifest. The county court has no power to create privileges.

It was held by this court in the case of *Schlier* v. *The State*, 3 Heis., 281, and also *Jenkins* v. *Erwin Clerk*, 8 Heis, 456, that the definition of the term privilege, as given by this court prior to the Constitution of 1870, was, in effect, adopted by the Constitution, and must be understood as having been used in that sense. That definition is "the exercise of an occupation or business which requires a license from some proper authority designated by a general law, and not open to all or any one without such license." What are privileges will be found designated by the Code, sec. 550, and the act of 1873, p. 180, and land sales are not included. It seems clear, therefore, that the levy of a tax upon privileges in general terms, cannot be held to embrace a tax upon land sales, it certainly would not in a legislative act,

and we do not see how a different rule can apply to the act of the county court.

Without, therefore, determining whether the county court had the power in question, we hold that it was not exercised and the judgment will be affirmed.