RAYMOND FLESHMAN, ADMINISTRATOR OF THE ESTATE OF IDA GARVIN *v.* JAMES T. TROLLINGER AND WIFE ELIZBETH TROLLINGER.

(*Knoxville*, September Term, 1930.)

Opinion filed July 20, 1931.

SEILER & HUNTER, for plaintiff in error.

GRINDSTAFF & CAMPBELL, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Mrs. Garvin sued Trollinger and wife for $5000, damages for personal injuries, and attached their Chrysler automobile. Pending the suit Mrs. Garvin died, and the case was revived in the name of her administrator.

The Trollingers regained possession of their automobile by executing a delivery bond in the sum of $10,000, conditioned that "if the said property to be redelivered shall be again returned to the said Deputy Sheriff, P. D. Taylor, at the Courthouse on the second Monday in October, 1928, next, then the foregoing obligation to be void; otherwise to remain in full force and virtue."

There was a judgment in favor of the administrator for $1500. The judgment of the trial court recites:

"And it appearing to the Court from the record that a delivery bond in the sum of $10,000 was filed by the

defendants and the said car after attachment was rede-
livered to the defendants, and that Nat T. Perry and W.
D. Hitchcock are sureties on said delivery bond, it is
further ordered and adjudged that judgment for the sum
of $1500, and the costs of this cause be, and the same is
hereby given against the said Nat T. Perry and W. D.
Hitchcock, sureties on said delivery bond, may be satis-
fied by the return of said Chrysler automobile to the
Sheriff in so far as these sureties are concerned, and in
the event said car is returned, the Sheriff is hereby or-
dered to advertise and sell said car in accordance with
the law governing sales of personal property, and to
apply the proceeds from the sale of said car, first, to the
costs of this suit, next to the costs incident to said sale,
and any balance he shall apply as a credit upon the judg-
ment herein rendered against said James T. Trollinger
and Elizabeth Trollinger.''

Upon the motion for a new trial a *remittitur* of $500
was ordered.

The case was taken to the Court of Appeals by the ad-
ministrator upon a writ of error, his contention being
that since the bond was for double the amount of the
demand of his intestate the judgment should have been
for the amount of the verdict without providing for its
satisfaction by a return of the automobile. The Court
of Appeals affirmed the judgment of the trial court, and
the case is before us upon petition for writ of *certiorari*.

The controlling statutes, as set forth in Shannon's
Code, are as follows:

5269. ''The defendant to an attachment suit may al-
ways replevy the property attached by giving bond, with
good security, payable to the plaintiff, in double the
amount of the plaintiff's demand, or, at defendant's
option, in double the value of the property attached, con-

ditioned to pay the debt, interest, and costs, or the value of the property attached, with interest, as the case may be, in the event he shall be cast in the suit.''

5274. ''The court may enter up judgment or decree upon the bond, in the event of recovery by the plaintiff, against the defendant and his sureties for the penalty of the bond, to be satisfied by delivery of the property, or its value, or payment of the recovery, as the case may be.''

▪ Construing these statutes, this court has held in numerous decisions that where property attached is sought to be replevied, the party has his option to give bond in double the demand conditioned to pay the debt, interest and costs, if the plaintiff succeeds, or a bond in double the value of the property attached, conditioned to pay the value of the property and interest, which may be satisfied by a return of the property.

 Here the bond was for double the amount of the demand, but it was not conditioned to pay the debt, interest and costs, hence it does not comply with the first form. While the bond in the present case does not in terms show what sum was fixed as the value of the automobile, the penalty of the bond was perhaps more than double the value of the automobile, and was conditioned upon a return of the automobile. Strictly speaking, it cannot be said that the bond complies with either form, but we are satisfied that it was intended to comply with the second rather than the first form. We think more weight should be given to the condition than to the amount of the bond.

 Furthermore, the authorities hold that any doubt should be resolved in favor of the sureties.

While a case exactly in point has not been passed upon by this court in any of the official reports, we think the

principle involved has been announced in several cases to which we shall refer.

In *Upton* v. *Philips & Howe,* 58 Tenn., 215, 226, the court said:

"The defendant has seen proper to execute a bond in double the amount of the plaintiff's demand; the condition that the law required to be annexed to this bond was, to pay the plaintiff's demand, if he recover. The condition of the bond is, that the defendant shall abide by and perform and satisfy the judgment of the court, which, in ordinary acceptation, is understood to mean, that he shall pay the judgment, if one is recovered. Was it error in the court not to affix to this judgment a condition, that it should be satisfied as to the surety by a return of the property or its value? If there was anything in the bond from which we could construe it to be conditioned to pay the value of the property or return the same, then this might be done; but there is no language that will bear this construction, and we are constrained to hold this to be a bond in double the plaintiffs' demand, conditioned to pay the same, if the plaintiffs recover."

In *Muhling* v. *Ganeman,* 63 Tenn., 88, 90-91, it was said:

"The condition of the bond bill is, 'if the said Minnie Ganeman shall abide by, and faithfully perform such order and decree as the Court may make in this cause, and return said property or pay such moneys as the Court may order, then this bond to be void,' etc. It will be seen that this bond does not conform to the Statute in either aspect. But it appears that the bond was given in a penalty which was assumed to be double the value of the property attached, and giving the bond the most favorable construction to the sureties, it must be taken to give them the option to pay the value of the property

attached, with interest, if the complainants succeed in the cause. The proper decree in such case is for the penalty of the bond, which may be satisfied by paying the value of the property, with interest from the date of the bond on returning the property.''

In *Kuhn* v. *Spellacy*, 71 Tenn., 277, 280, the opinion contains this language: ''The bond is not strictly a statutory bond, that is, it is not in terms, either in double the amount of the plaintiff's demand, conditioned to pay the same, or in double the value of the property attached conditioned to pay its value, in the event he be cast in the suit as provided by sec. 3509, but its condition being to account for the property, it should be regarded as falling under the latter class, that is a bond in double the value of the property attached, conditioned to pay its value and interest in the event the defendant be cast in the suit. The proper judgment on this bond, as prescribed by sec. 3514, was a judgment for the penalty of the bond, which may be satisfied by the delivery of the property or its value.''

Later in the opinion it was said: ''But in either event, whether it be regarded as a statutory or common law bond, it cannot be construed as a bond for the payment of the debt, as it contains no such conditions.''

In this case we hold that the parties did not intend that the sureties should be bound for any judgment that might be rendered against their principal, but only bound themselves for the return of the automobile. It follows that the writ will be denied.